IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CR-394-F

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| DONALD RAY HARRISON, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives. Defendant presented the testimony of the proposed third-party custodian, a female friend. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

## Background

Defendant was charged in a one-count indictment on 13 December 2012 with malicious damage of property used in commerce on 2 July 2012 in violation of 18 U.S.C. § 844(i). The evidence presented at the hearing showed that the charges arise from defendant's setting a fire in a pawn shop in Rocky Mount when it was closed. The fire went out without destroying the store, although there was significant damage. Defendant was caught on video tape setting the fire and

later confessed to doing so. He was apparently stealing items from the store in conjunction with setting the fire.

**Discussion**

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the destructive nature of the offense charged; the circumstances of the offense charged, including its alleged commission about 2 months after defendant's completion of a 4 1/2 year term of imprisonment and the escalation of criminal conduct reflected in the offense (namely, not simply robbing the store in question, but attempting also to burn it down); defendant's extensive criminal record (even for one of his age of 46), including 10 felony convictions, 20 misdemeanor convictions, a formal probation revocation, commission of 8 offenses while on probation, service of all but about 2 of the last 18 years in prison, and the pendency of state charges unrelated to the instant offense allegedly based on conduct occurring on 1 July 2012, one day prior to the instant offense, and three days in October 2012 when he was necessarily on pretrial release for the charges accruing in July; the danger of continued offense conduct by defendant if released; defendant's apparent polysubstance abuse; the unsuitability of the proposed third-party custodial arrangement due to the relatively minimal ties between the proposed custodian and defendant, and the extent of the risk of danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence. For example, although defendant eventually turned himself in and was cooperative, his extensive criminal history and apparent resumption of criminal conduct after lengthy incarceration and while on pretrial release on state charges shows that the

threat of detention pending trial and any conditions the court could impose are unlikely to deter him from continued criminal activity.

These same considerations also offset the fact that his last felony conviction was for conduct in 1994. Moreover, he has been out of prison only about two years since 1994 and during that time has accumulated 8 misdemeanor convictions in addition to the instant federal offense and pending state charges referenced.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 27th day of December 2012.

James E. Gates
United States Magistrate Judge